NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FEB 19 2019

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| CAROLYN C. RITCHIE, | No. 17-15880 |
| Plaintiff-Appellant, | |
| v. | D.C. No. 1:14-cv-00046-LEK-KJM |
| STATE OF HAWAII, DEPARTMENT OF PUBLIC SAFETY and NEAL WATGATSUMA, in his official capacity as Warden of the Kauai Community Correctional Center, Department of Public Safety, State of Hawaii, and in his individual capacity, | MEMORANDUM* |
| Defendants-Appellees. | |

Appeal from the United States District Court
for the District of Hawaii
Leslie E. Kobayashi, District Judge, Presiding

Argued and Submitted October 9, 2018
Honolulu, Hawaii

Before: WARDLAW, BERZON, and RAWLINSON, Circuit Judges.

In 2014, Carolyn Ritchie brought suit against the Hawaii Department of

Public Safety ("Department") and Neil Wagatsuma, the warden at the Kauai

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Community Correctional Center ("Correctional Center"). Ritchie, a psychiatric social worker at the Correctional Center between 2009 and 2012, alleged that she was retaliated against after she made complaints about Wagatsuma's treatment of Correctional Center inmates and a correctional program run by Wagatsuma called the Life Time Stand. Ritchie's operative complaint raised six claims: a retaliation claim against the state under Title VII, a claim under 42 U.S.C. § 1983 alleging that Wagatsuma violated Ritchie's First Amendment rights, and state-law defamation, retaliation, wrongful termination, and intentional infliction of emotional distress claims against Wagatsuma.

During trial, the district court granted judgment as a matter of law to Wagatsuma on the § 1983 claim except to the extent it was based on the reports Ritchie made to the Hawaii Disability Rights Commission and the Equal Opportunity Commission. The district court reasoned that Ritchie's First Amendment rights were not violated because she was not acting as a private citizen when she made internal reports regarding Wagatsuma's conduct. But a jury, following the law set forth by the Supreme Court and our circuit, could have reasonably concluded that Ritchie spoke as a private citizen when she made complaints to her supervisor and others in the Department. *See* Ninth Circuit Comm. on Model Civil Jury Instrs., *Manual of Model Civil Jury Instrs. for the Dist. Courts of the Ninth Circuit* § 9.10 (2017). Thus, we remand for a new trial on

Ritchie's § 1983 claim.[1]

A public employee's speech on a topic of public concern, including speech made at work, is protected by the First Amendment unless that speech is "made pursuant to official responsibilities." *Garcetti v. Ceballos*, 547 U.S. 410, 421, 424 (2006). "[B]ecause of the fact-intensive nature of the inquiry, no single formulation of factors can encompass the full set of inquiries relevant to determining the scope of a plaintiff's job duties." *Dahlia v. Rodriguez*, 735 F.3d 1060, 1074 (9th Cir. 2013) (en banc). Nonetheless, we have enumerated a number of factors that a jury can consider during this inquiry.

First, jurors should consider "whether or not the employee confined his communications to his chain of command." *Id.* Here, Ritchie did not confine her complaints to her chain of command. In addition to reporting the suspected abuse to her supervisor, the record evidence indicates that Ritchie spoke to the investigators from the Department's Internal Affairs division. She also reported the suspected abuse to the Hawaii State Department of Health, the American Civil Liberties Union, the Federal Bureau of Investigation, the Hawaii State Attorney General, and the Hawaii Disability Rights Center.

---

[1] Ritchie also has challenged a number of the evidentiary rulings made by the district court. If any abuse of discretion occurred, it was harmless error with respect to the Title VII and state law claims presented to the jury regarding these rulings. As we are reversing for a new trial on Ritchie's First Amendment claim, we do not address the evidentiary rulings with respect to that claim.

Second, "when a public employee speaks in direct contravention to his supervisor's orders, that speech may often fall outside of the speaker's professional duties." *Id.* at 1075. Stated in more general terms, a supervisor's response to an employee's speech indicates whether that speech was as part of the employee's job duties. Here, Richie's supervisor responded to one report by asking: "How much of this do you want me to share with the warden[']s supervisor?" This response indicates that Ritchie was not required to make these complaints.

Third, jurors are instructed that a "routine report, [prepared] pursuant to normal departmental procedure, about a particular incident or occurrence" is more likely to be part of an employee's job than a report addressing "broad concerns about corruption or systemic abuse." *Id*. Here, a juror could understand Ritchie's reports as addressing systemic abuse.

Although both our circuit and the Supreme Court have warned that "employers cannot restrict employees' rights by creating excessively broad job descriptions," *id.* at 1070 (quoting *Garcetti*, 547 U.S. at 424), the scope of a job description remains a relevant consideration. Here, the job description for psychiatric social workers at the Correctional Center does not state that social workers were required to report suspected abuse occurring in the prison. Nor does the description state that psychiatric social workers were supposed to assess the efficacy of correctional programs such as Life Time Stand.

4

The state, on appeal, largely relies on the fact that Ritchie testified that as a licensed social worker, she was a mandatory reporter. The jury may consider this fact when assessing whether Ritchie's internal reports were part of her official duties. But the jury could also consider that Richie was not acting as a mandatory reporter when she made reports to her supervisor. In Hawaii, mandatory reporters are required to report suspected abuse of vulnerable adults to the State Department of Human Services, not their superiors.[2] Haw. Rev. Stat. §§ 346-222, 346-224.

In sum, a juror reviewing the evidence in light of the factors set forth in *Dahlia* and *Garcetti* could decide that Ritchie's reports were not part of her job. The district court erred in holding otherwise.[3]

Each party shall bear its own costs.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

---

[2] Hawaii's relevant mandatory reporter statute covers a broad swath of government and private employees, including all "[e]mployees or officers of any public or private agency or institution providing social, medical, hospital, or mental health services, including financial assistance," and "any law enforcement agency, including the courts, police departments, correctional institutions, and parole or probation offices." Haw. Rev. Stat. §§ 346-224(a)(2)-(3) (for abuse of vulnerable adults); *see also id.* § 350-1.1 (for child abuse). The statute also covers licensed social workers and a number of medical professionals, including dentists and optometrists.

[3] Because we remand Ritchie's § 1983 claim for a new trial, we reverse the district court's award of costs to the Department and Wagatsuma.